IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| MELISSA SIMMONS, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>TEXTRON AVIATION, INC. )<br>)<br>Defendant )<br>_____ ) | Case: _____<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Comes now the Plaintiff, MELISSA SIMMONS, by and through her counsel of record, and for her Complaint against Textron Aviation, Inc., states and alleges as follows:

## PRELIMINARY STATEMENT OF THE CASE

1. This is a lawsuit brought by the Plaintiff, MELISSA SIMMONS, who has been affected by the below illegal employment practices, seeking permanent relief from unlawful employment practices related to disability accommodation, and unpaid compensation during her employment with Defendant, Textron Aviation, Inc. The intentional practices committed by the Defendant violated the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12112 on the basis of discrimination and retaliation. The Defendant violated the Fair Labor Standards Act, 29 U.S.C. §201 *et seq* ("FLSA") and the Kansas Wage Payment Act, KSA 44-316 and 44-319 et seq ("KWPA"), on the basis of unpaid wages for time worked by the Plaintiff. With the above, Plaintiff seeks equitable relief, compensatory damages, punitive damages, liquidated damages, attorneys' fees

1

and costs, Pre-Judgment and Post-Judgment as provided by law, and all other relief at law and equity to which Plaintiff is entitled.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this cause of action pursuant to 28 U.S.C. §§ 1331 and 1343.

3. All preconditions to jurisdiction pursuant to 42 U.S.C. §2000e-5 have been satisfied.

　　a. On or about July 21, 2020, Plaintiff filed a charge of employment discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC") with charge 563-2020-02528.

　　b. On or about December 10, 2020, the EEOC mailed a right to sue letter for charge 563-2020-02528.

　　c. This original complaint is filed within 90 days of the receipt of that EEOC right to sue letter.

　　d. Plaintiff has exhausted her administrative remedies.

4. This Court also has jurisdiction over Plaintiff's claims pursuant to 28 USC §1331 and 29 USC §216(b).

5. Venue is proper in this Court under 28 USC §1391(b) because a substantial part of the events giving rise to the claims occurred in this judicial district.

## PARTIES

6. Plaintiff, MELISSA SIMMONS, is a resident of Sedgwick County, Kansas.

7. Defendant, Textron, Inc. (also referred herein as "Textron"), is a Kansas for-profit corporation organized and existing under the laws of the State of Kansas. Defendant may be served with process upon its resident agent, The Corporation Company, Inc., 112 SW 7th Street Suite 3C, Topeka, KS 66603.

**FACTS**

8. Plaintiff was employed with Textron at all times material herein from April 2006 until October 2019.

9. Defendant employed Plaintiff in Kansas.

10. Defendant is an employer as that term is identified in the Americans with Disabilities Act.

11. Defendant is an employer as that term is identified in the Fair Labor Standards Act.

12. Between April 2018 and October 2019, Textron paid Plaintiff a salary of approximately $1,461.53 per week.

13. Plaintiff's job performance was always satisfactory during her employment.

14. During Plaintiff's employment, she performed her work in several buildings of Textron.

15. Plaintiff is an individual with a disability, a breathing disorder, which she controls with medication and use of HEPA filtration equipment.

16. In March 2019, Plaintiff informed Defendant of her breathing disorder while working in her stationed work area at Textron.

17.     On or about April 5, 2019, Plaintiff informed Defendant that her disability required that she work in a different location of Textron.

18.     On or about April 11, 2019, Defendant instructed Plaintiff that she must only work in the location of the building assigned for her position with no restrictions.

19.     Defendant placed Plaintiff on FMLA leave from April 2019 to July 2019.

20.     In October 2019, based on her disability, Plaintiff requested to work in a different area of the Textron facilities or to work remotely for a portion of her job.

21.     In 2019, other employees in Plaintiff's department worked remotely.

22.     In October 2019, Defendant told Plaintiff no other space on the Textron facilities was available for her to work from.

23.     In October 2019, besides Plaintiff's assigned job location, other space existed on Textron facilities for Plaintiff to perform her work.

24.     In October 2019, Defendant informed Plaintiff that she could not work remotely for her position and was required to work in the position's assigned location.

25.     During 2019, Plaintiff worked remotely for Defendant in her position.

26.     Plaintiff's job description did not require the employee to work in only Building P43 on the Textron facilities.

27.     Plaintiff's job description did not require the employee to work on the Textron facilities at all times.

28.     In October 2019, Defendant failed to pay Plaintiff for all time she worked for Defendant.

29. On or about October 17, 2019, Plaintiff complained to Defendant about Defendant's failure to pay her for work she performed during her leave. Defendant informed Plaintiff she would not be paid for work Plaintiff performed while on leave.

30. On October 18, 2019, Plaintiff again requested an accommodation of either working in another building, working remotely, or working in another position.

31. On October 21, 2019, Defendant terminated Plaintiff.

32. From February 2019 through October 2019, other job openings at Textron existed which Plaintiff was qualified to work.

33. Defendant refused to consider Plaintiff for any other job opening as an accommodation.

34. In October 2019, Plaintiff was able to perform her job in other buildings or other available locations on the Textron facilities.

35. At the time of Plaintiff's termination, Defendant had other offices or buildings available which Plaintiff could perform her job.

36. At the time of Plaintiff's termination, Defendant had other job positions open which Plaintiff could perform.

37. After Plaintiff's termination, Defendant reported to the Kansas unemployment commission the reason it discharged the Plaintiff was because of her "medical" condition.

38. After Plaintiff's termination, Defendant reported to the Kansas unemployment commission the basis of Plaintiff's termination was Plaintiff's violation of Company policy.

39. After Plaintiff's termination, Defendant permitted employees in Plaintiff's position to work remotely.

40. Plaintiff's breathing condition was a disability.

41. Defendant regarded Plaintiff's breathing condition as a disability.

42. During 2019, Textron supplied an accommodation for other employees, who did not have a disability, to perform their jobs.

43. Defendant did not discuss with the Plaintiff about any open positions as an accommodation for Plaintiff to work at Textron.

44. Defendant refused to grant Plaintiff a reasonable accommodation in any job at Textron.

45. Defendant refused to consider Plaintiff for any open job position at Textron as an accommodation to her disability.

46. Defendant refused to allow Plaintiff to work in any available office or building on the Textron facilities as an accommodation to her disability.

## COUNT 1 - AMERICANS WITH DISABILITIES ACT DISCRIMINATION

47. Plaintiff adopts and re-alleges each and every allegation contained in this Complaint as if set out anew herein.

48. Plaintiff is a qualified individual with a disability.

49. Plaintiff's health impairment related to breathing affected one or more of Plaintiff's major life activities.

50. Defendant regarded Plaintiff as having a health impairment in her breathing as a disability.

51. Plaintiff's physician identified Plaintiff could return to work and perform the essential functions of the job with an accommodation.

52. Plaintiff was able to perform the essential functions of her job with an accommodation.

53. Defendant terminated Plaintiff because of her disability.

54. Defendant terminated Plaintiff when Plaintiff requested an accommodation for her disability.

55. Defendant terminated Plaintiff when Plaintiff requested an accommodation of another job position at Textron.

56. Defendant discriminated against the Plaintiff by failing to engage in an adequate good faith interactive process with the Plaintiff to address Plaintiff's disability and job accommodation in the Plaintiff's employment.

57. Defendant discriminated against the Plaintiff by failing to make a reasonable accommodation for Plaintiff's disability that would allow the Plaintiff to perform the essential functions of her job.

58. Because of Plaintiff's health impairment, Defendant discriminated against the Plaintiff by not allowing Plaintiff to work with or without an accommodation.

59. Defendant discriminated against the Plaintiff by terminating Plaintiff for conditions related to Plaintiff's disability.

60. Defendant's stated reason for terminating the Plaintiff was pretext for refusal to accommodate under the ADA and for ADA discrimination.

61. Plaintiff has been damaged by Defendant's illegal employment conduct under the ADA.

WHEREFORE, Plaintiff prays for judgment against the Defendant for back wages, injunctive relief or front pay, compensatory damages, attorney's fees, punitive damages, Pre-Judgment and Post-Judgment as provided by law, and all other relief at law and equity to which she is entitled.

## COUNT 2 – VIOLATION OF FLSA and KWPA

62. Plaintiff adopts and re-alleges each and every allegation contained in this Complaint as if set out anew herein.

63. At all times herein, Defendant was an "employer" within the meaning of the Department of Labor, the FLSA, and KWPA.

64. Throughout Plaintiff's employment with Defendant, the Defendant regularly had more than $500,000 per year in gross receipts.

65. Defendant failed to pay Plaintiff all time worked during the period of October 2019.

66. Defendant was required to pay Plaintiff for any time worked during any work week.

67. Failing to pay the Plaintiff for time worked is impermissible under the FLSA and KWPA.

68. Plaintiff was entitled to wages for any work which benefited Defendant.

69. During Plaintiff's employment, Defendant was required to follow the FLSA and KWPA on compensation.

70. Defendant violated the FLSA and KWPA by failing to pay Plaintiff's compensation.

71. Defendant violated the FLSA and KWPA by failing to pay Plaintiff wages for time worked.

72. Because of Defendant's knowledge of requirements under the FLSA, Defendant's violation of FLSA was willful.

73. Plaintiff has been damaged by Defendant's illegal employment conduct under the FLSA and KWPA.

WHEREFORE, Plaintiff prays for judgment against the Defendant for unpaid compensation, for damages/penalty permitted under the KWPA, for damages under the FLSA, liquidated damages, penalties, attorney's fees, expenses, Pre-Judgment and Post-Judgment as provided by law, and all other relief at law and equity to which she is entitled.

## COUNT 3 - RETALIATION UNDER FLSA AND KWPA

74. Plaintiff adopts and re-alleges each and every allegation contained in this Complaint as if set out anew herein.

75. On or about October 17, 2019, Plaintiff complained to Defendant about unpaid wages for time worked.

76. Defendant ignored Plaintiff's complaints about unpaid wages.

77. Defendant terminated Plaintiff within a week after Plaintiff's complaint

about unpaid wages for time worked.

78. Defendant's termination of Plaintiff was also in retaliation for Plaintiff's complaint of unpaid wages.

WHEREFORE, Plaintiff prays for judgment against the Defendant for unpaid compensation, damages, liquidated damages, penalties, attorney's fees, expenses, Pre-Judgment and Post-Judgment as provided by law, and all other relief at law and equity to which she is entitled.

Respectfully submitted,

By: /s/Trinidad Galdean .
Trinidad Galdean #22973

GALDEAN, LLC
PO Box 780076
Wichita, KS 67278
(316) 252-1232 Phone
(316) 462-0987 Fax
trinidad@galdean.com
*Attorney for Plaintiff*

## JURY DEMAND

COMES NOW, the Plaintiff and requests a jury in this cause of action.

Respectfully submitted,

By: /s/Trinidad Galdean .
Trinidad Galdean #22973
Galdean, LLC
*Attorney for Plaintiff*

## DESIGNATION OF PLACE OF TRIAL

COMES NOW, the Plaintiff and designates Wichita, Kansas as the place of the trial for this action.

                                       Respectfully submitted,

                                       By:    /s/Trinidad Galdean    .
                                                     Trinidad Galdean #22973
                                                     Galdean LLC

                                                     *Attorney for Plaintiff*

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 8, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system.

                                       By:    /s/Trinidad Galdean    .
                                                     Trinidad Galdean #22973

                                                     GALDEAN, LLC
                                                     PO Box 780076
                                                     Wichita, KS 67278
                                                     (316) 252-1232 Phone
                                                     (316) 462-0987 Fax
                                                     trinidad@galdean.com

                                                     *Attorney for Plaintiff*